**CLOSED**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BENJAMIN COX, | : | |
| Petitioner, | : | Civil Action No. 08-2655 (FSH) |
| v. | : | **MEMORANDUM** |
| MICHELLE RICCI, et al., | : | **ORDER** |
| Respondents. | : | |

This matter comes before the Court upon Petitioner's filing of an application for stay and abeyance with respect to his Petition for a writ of habeas corpus, submitted pursuant to 28 U.S.C. § 2254 and it appearing that:

1. On May 29, 2008, the Clerk received Petitioner's submission consisting of his Petition, application to proceed in this matter in forma pauperis and an application for stay and abeyance. Petitioner clarified that his Petition is intended to challenge Petitioner's judgement of conviction, as well as Petitioner's sentence. Petitioner's conviction and sentence ensued from the decision reached by the Superior Court of New Jersey, Law Division, on February 8, 2005. Petitioner states that the Law Division's decision was affirmed on direct appeal by the Superior Court of New Jersey, Appellate Division, on January 2, 2008, and the

      Supreme Court of New Jersey denied Petitioner certification on April 1, 2008.  Petitioner, however, clarifies that, while his direct appeal challenges have been duly exhausted, Petitioner wishes to present for this Court's habeas review challenges currently unexhausted (in addition to those already exhausted on direct appeal) in the event he is not satisfied with the outcome of state post-conviction review, during which Petitioner intends to exhaust the still-unexhausted challenges.  To ensure timeliness of his habeas petition raising the already-exhausted and, potentially, the yet-to-be-exhausted claims, Petitioner submitted his application for stay and abeyance.

2. At this juncture, this Court's grant of stay and abeyance is not necessary in order to ensure timeliness of Petitioner's prospective § 2254 habeas application.

3. Petitioner is correct in his impression that, in order to exhaust any claim, Petitioner must present this very claim to every level of state court.  See Duncan v. Henry, 513 U.S. 364, 365 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971)); Toulson v. Beyer, 987 F.2d 984, 987-89 (3d Cir. 1993).  The exhaustion doctrine is a "total" exhaustion rule.  Therefore, a district court may not grant a writ of habeas corpus under § 2254 unless the petitioner has exhausted state court remedies for all grounds presented in

the petition or such process is unavailable or ineffective to protect the petitioner's rights.  See 28 U.S.C. § 2254(b)(1)(A), (b)(1)(B); Rhines v. Weber, 544 U.S. 269 (2005); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997); see also Duckworth v. Serrano, 454 U.S. 1, 3 (1981).  For example, the petitioner in Toulson v. Beyer, 987 F.2d 984 (3d Cir. 1993), was a New Jersey prisoner who filed a § 2254 petition in the District Court for the District of New Jersey challenging his state conviction and sentence on five grounds.  The Appellate Division of the New Jersey Superior Court had affirmed his conviction; the New Jersey Supreme Court had denied his petition for certification; and the trial court had denied his motion to reconsider the sentence and his motion for post-conviction relief.  Toulson had not presented three of his § 2254 grounds to the New Jersey Supreme Court in his petition for certification.  The district court held that the claims were procedurally barred by N. J. Ct. R. 3:22-4 (barring consideration of grounds not raised in prior proceedings), in that Toulson had not raised them in his petition for certification to the New Jersey Supreme Court.  The Court of Appeals for the Third Circuit reversed and remanded, observing that Rule 3:22-4(c) dissolves the procedural bar where "denial of relief would be contrary to the Constitution of the United States or the

3

State of New Jersey," and that other rules presenting potential procedural bars were likewise subject to relaxation.[1] The Court of Appeals instructed the district court to dismiss the petition without prejudice for failure to exhaust "[b]ecause no state court has concluded that petitioner is procedurally barred from raising his unexhausted claims and state law does not clearly require a finding of default." Toulson, 987 F.2d at 989; compare Cabrera v. Barbo, 175 F.3d 307, 312-314 (3d Cir. 1999) (affirming dismissal of claims as procedurally defaulted after a New Jersey court had in fact refused to consider the petitioner's federal claims because they were procedurally barred). Consequently, if Petitioner here wishes to challenge his already-exhausted *and*, *in addition*, his still-unexhausted grounds, his Petition is a mixed petition, and he is correct in his impression that the unexhausted grounds should be exhausted. However, the procedural device of stay and abeyance is not needed in Petitioner's instant case.

---

[1] New Jersey Court Rule 3:22-12, which poses a five-year limitation period for the filing of post-conviction relief petitions, Rule 3:22-4, which bars any ground for relief not raised in a prior post-conviction relief proceeding, and Rule 3:22-5, which provides that a prior adjudication upon the merits of any ground for relief is conclusive, are subject to relaxation. See State v. Preciose, 129 N.J. 451, 454, (1992); State v. Mitchell, 126 N.J. 565 (1992); State v. Johns, 111 N.J. Super 574, 576 (App. Div. 1970).

4

4.   It is true that the enactment in 1996 of a one-year limitations period for § 2254 habeas petitions, see 28 U.S.C. § 2244(d), "'has altered the context in which the choice of mechanisms for handling mixed petitions is to be made.'" Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004) (quoting Zarvela v. Artuz, 254 F.3d 374, 379 (2d Cir.), cert. denied, 534 U.S. 1015 (2001)). Because of the one-year limitations period, dismissal of a timely-filed mixed petition may forever bar a petitioner from returning to federal court. "Staying a habeas petition pending exhaustion of state remedies is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition." Crews, 360 F.3d at 151. Indeed, the Court of Appeals for the Third Circuit has held that "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." Crews, 360 F.3d at 154.

> [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. ... For the same reason, if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to

5

       proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.

Rhines v. Weber, 544 U.S. 269, 277-78 (2005) (citations omitted).

5. Petitioner's current Petition, however, does not appear to be in danger of becoming time-barred.

   (a) A state-court criminal judgment becomes "final" within the meaning of §2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.  Therefore, for the purposes of Petitioner's habeas challenges, his criminal judgement would become "final," and his one-year period of limitations would begin to run 90 days after the date of entry of the Supreme Court of New Jersey's order (denying Petitioner certification) entered on April 1, 2008.  In other words, at the time of Petitioner's filing of his instant Petition and even at the time of this Court's issuance of the instant Order, Petitioner's one-year statute of limitation has not even begun to run.

6

    (b)    Furthermore, the statute of limitations under § 2244(d) is subject to tolling exception(s), that is, statutory tolling and, perhaps, equitable tolling.[2] See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998).  Section 2244(d)(2) requires statutory tolling for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2) (emphasis supplied).  Hence, in the event Petitioner actually files his intended application for post-conviction relief (seeking state collateral review of his currently unexhausted claims), such post-conviction-review application, if properly filed, would trigger the statutory tolling and keep Petitioner's habeas statute of limitations tolled for the entire period of post-conviction review, while it is conducted by all levels of state court,[3] i.e., from the date of

---

[2]   Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814, n.8 (2005) ("We have never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations").

[3]   Petitioner's prospective filing of such post-conviction-relief application would not trigger the statutory tolling if the state courts eventually find Petitioner's post-conviction-relief application procedurally barred.  See Artuz v. Bennett, 531 U.S. 4,

his filing of such post-conviction application and to the date of entry of the decision by the Supreme Court of New Jersey (or to the date of expiration of his time to appeal the lower court's decision in the event Petitioner elects not to appeal such decision to the next level of the state court; which, this Court notes in passing, would prevent Petitioner from satisfying the exhaustion requirement). Only upon completion of Petitioner's post-conviction review, the statute of limitation would be re-triggered for the purposes of calculation of Petitioner's one-year period of limitations under the AEDPA. Since, *at the instant juncture*, Petitioner has more than ample time to file an application for post conviction relief (and is not facing the risk of losing his right to a federal habeas review), this Court's utilization of the procedural device of stay and abeyance is not warranted.

---

8-9 (2000). However, if Petitioner promptly seeks state court review of his unexhausted claims, and is notified by the state courts that his post-conviction-relief application is barred, nothing prevents Petitioner from filing another § 2254 application during the year running from the date of his criminal judgement becoming "final" on the direct appeal. Moreover, if--over the coming months--Petitioner develops a bona fide belief that his application for post-conviction relief is about to be denied as procedurally barred, nothing prevents Petitioner from filing another § 2254 application (with a renewed request for stay and abeyance) by the end of the year running from the date of his criminal judgement becoming "final" on direct review.

**IT IS, therefore, on this 10th day of Jun, 2008,**

**ORDERED** that Petitioner's § 2254 application is DISMISSED for failure to exhaust state remedies; such dismissal is WITHOUT PREJUDICE to Petitioner's filing of a *timely* and *duly exhausted* Petition;[4] and it is further

**ORDERED** that Petitioner's application for stay and abeyance is DENIED, as unnecessary at the instant juncture; such denial is WITHOUT PREJUDICE to Petitioner's filing of a renewed application for stay and abeyance, in the event Petitioner's circumstances would so change that Petitioner develops a bona fide belief that grant of stay and abeyance might be warranted; and it is finally

**ORDERED** that the Clerk shall serve a copy of this Order upon Petitioner by certified mail, return receipt requested, and close the file in this matter.

/s/ Faith S. Hochberg
**United States District Judge**

---

[4] To that end, this Court reminds Petitioner that, in the event Petitioner elects to *delete* his unexhausted claims from his current Petition (and limit his federal habeas challenges solely to the already-exhausted claims), Petitioner may do so at any time. However, such deletion would prevent Petitioner from seeking federal habeas review of his deleted unexhausted claims (even if Petitioner eventually exhausts them in the state courts), unless the Court of Appeals for the Third Circuit grants Petitioner leave to file a second and successive § 2254 application.