UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BENJAMIN COX, | : | |
| | : | |
| Petitioner, | : | Civil Action No. 08-2655 (FSH) |
| | : | |
| v. | : | **M E M O R A N D U M** |
| | : | **O R D E R** |
| MICHELLE RICCI, et al., | : | |
| | : | |
| Respondents. | : | |

This matter comes before the Court upon Petitioner's filing of his request to rule on his Petition solely with respect to his exhausted claims, and it appearing that:

1.  On May 29, 2008, the Clerk received Petitioner's submission consisting of his Petition, application to proceed in this matter in forma pauperis and an application for stay and abeyance. Petitioner clarified that his Petition was intended to challenge Petitioner's judgment of conviction, as well as Petitioner's sentence rendered by the Superior Court of New Jersey, Law Division. Petitioner stated that the Law Division's decision was affirmed on direct appeal by the Superior Court of New Jersey, Appellate Division, on January 2, 2008, and the Supreme Court of New Jersey denied Petitioner certification on April 1, 2008. Petitioner, however, clarified that, while his direct appeal challenges were duly exhausted, Petitioner was currently challenging his sentence

through the means of application for post-conviction relief. In order to ensure timeliness of his habeas petition raising both the already-exhausted and the yet-to-be-exhausted claims, Petitioner submitted his application for stay and abeyance.

2. On June 10, 2008, this Court issued an order dismissing the Petition, without prejudice, as unexhausted and denying Petitioner's request for stay and abeyance since the facts asserted in the Petition suggested that Petitioner's § 2254 petition was not in danger of becoming time-barred, especially in view of his currently undergoing application for post-conviction relief. The Court detailed to Petitioner the legal test of exhaustion and, in addition, clarified that, once Petitioner duly exhausts all his claims, Petitioner should promptly file his § 2254 application--that is, provided he is dissatisfied with the outcome of the state courts' review--in order to ensure that his period of limitations would not run.

3. On July 31, 2008, the Clerk received a letter from Petitioner. In his letter, Petitioner notified the Court that wished to have all his unexhausted claims deleted and to have the Court rule on the remainder of his Petition. Petitioner did not detail which claims he considered "unexhausted" (hence suggesting that he left this issue for the Court's determination), but he stated that he was "aware of the consequences of deleting the unexhausted claims."

2

4.    The statements made by Petitioner in his letter, read against the statements made in the Petition, causes this Court grave concern, as detailed below.

5.    The Petition, alas, is not a document of exemplar clarity (even though it rather obvious that Petitioner attempted, to the best of his abilities, to draft a reader-friendly pleading).  The Petition consists of two parts, the first being a pre-printed form ("Form"), scarcely filled, and the second being titled "Addendum" ("Addendum"), to which the entries made in the Form systemically refer through the phrase "see attached Addendum."  The Addendum, while containing infinitely more information than the Form, is poorly organized in the sense that the headings employed by Petitioner allow for little certainty as to the meaning of the following paragraphs.  The best this Court can surmise, the Addendum states, first, the three grounds raised by Petitioner during his direct appeal, and then the Addendum lists Petitioner's four grounds raised in his application for post-conviction relief.  After that, the Addendum provides a narrative, seemingly summarizing the grounds raised during Petitioner's appeal from denial of post-conviction relief; this narrative is followed by another narrative, which appears to summarize Petitioner's arguments stated in his application for certification from the Supreme Court of New Jersey (with

3

respect to affirmance of denial of his request for post-conviction relief). These two narratives appear to be followed by Petitioner's four grounds that he is wishing to raise in his instant § 2254 Petition, each of these grounds is accompanied by a lengthy statement of "Supporting Facts."

6. The Court feels compelled to clarify to Petitioner the concepts of "all-inclusive" § 2254 petition, re-explain the issue of exhaustion and detail to Petitioner the nature of habeas review.

7. Since Petitioner filed his application for a writ of habeas corpus under 28 U.S.C. § 2254, this Court wishes, pursuant to the guidance provided by the third Circuit in Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), to notify Petitioner of the consequences of filing such an application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under the AEDPA, petitioners challenging the legality of their detention pursuant to the judgment of a state court must marshal in one § 2254 application all the arguments they have to collaterally attack the State judgment and, except in extremely limited circumstances, file this one all-inclusive application within one year of the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d). Therefore, if Petitioner requests the Court

4

to examined only those claims that are "duly exhausted," then Petitioner will lose Petitioner's ability to file another application under § 2254 challenging his currently unexhausted claims absent the Court of Appeals' leave to file a second/successive application (such leave is granted only in extraordinary circumstances).

8.    The Court already detailed the issue of exhaustion to Petitioner in its previous decision.   However, the Court wishes to stress that, in order to exhaust any claim, Petitioner must present this very claim to every level of state court.   See Duncan v. Henry, 513 U.S. 364, 365 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971)); Toulson v. Beyer, 987 F.2d 984, 987-89 (3d Cir. 1993).   Exhaustion of state remedies has been required for more than a century, since the Supreme Court's decision in Ex parte Royall, 117 U.S. 241 (1886).   The exhaustion doctrine was first codified at 28 U.S.C. § 2254 in 1948, see Rose v. Lundy, 455 U.S. 509, 516-18 (1982), and more recently was the subject of significant revisions in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1217 (April 24, 1996).   The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism.   Granberry v. Greer, 481 U.S. 129

(1987); <u>Rose v. Lundy</u>, 455 U.S. 509, 516-18 (1982).   The petitioner generally bears the burden of proving all facts establishing exhaustion.   <u>See</u> <u>Toulson v. Beyer</u>, 987 F.2d 984, 987 (3d Cir. 1993).   This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition, in other words, *the legal theory and factual predicate must be materially the same*.   <u>See</u> <u>Picard</u>, 404 U.S. at 275-77.

9.   "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991); 28 U.S.C. § 2254(a); <u>accord</u> <u>Barry v. Bergen County Probation Dept.</u>, 128 F.3d 152, 159 (3d Cir. 1997).   "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." <u>Smith v. Phillips</u>, 455 U.S. 209, 221 (1982).   "If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable. It is unnecessary in such a situation to inquire whether the prisoner preserved his claim before the state courts." <u>Engle v. Isaac,</u> 456 U.S. 107, 120 n.19 (1982).   "[E]rrors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause." <u>Johnson v. Rosemeyer</u>, 117 F.3d 104, 110 (3d Cir. 1997).   Moreover, "it is well established that a

state court's misapplication of its own law does not generally raise a constitutional claim." <u>Smith v. Horn</u>, 120 F.3d 400, 414 (3d Cir. 1997) (citation omitted); <u>see also</u> <u>Smith v. Zimmerman</u>, 768 F.2d 69, 71, 73 (3d Cir. 1985). In addition, a district court must give deference to determinations of state courts. <u>Duncan v. Morton</u>, 256 F.3d 189, 196 (3d Cir.), <u>cert. denied</u>, 534 U.S. 919 (2001); <u>Dickerson v. Vaughn</u>, 90 F.3d 87, 90 (3d Cir. 1996). Federal courts "must presume that the factual findings of both state trial and appellate courts are correct, a presumption that can only be overcome on the basis of clear and convincing evidence to the contrary." <u>Stevens v. Delaware Correctional Center</u>, 295 F.3d 361, 368 (3d Cir. 2002). Where a federal claim was "adjudicated on the merits"[1] in state court proceedings, § 2254 does not permit habeas relief unless adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[1] "An 'adjudication on the merits' has a well settled meaning: a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground." <u>Sellan v. Kuhlman</u>, 261 F.3d 303, 311 (2d Cir. 2001).

28 U.S.C. § 2254(d).  A decision is "'contrary to' a Supreme Court holding if the state court 'contradicts the governing law set forth in [the Supreme Court's] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of th[e Supreme] Court and nevertheless arrives at a [different] result." <u>Williams v. Taylor</u>, 529 U.S. 362, 405-06 (2000)). Under the "'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." <u>Williams</u>, 529 U.S. at 413.  Whether a state court's application of federal law is "unreasonable" must be judged objectively; an application may be incorrect, but still not unreasonable.  <u>Id</u>. at 409-10.

10. Having summarized the foregoing principles, the Court now turns to the Petitioner's application.  As the foregoing indicates, the grounds that Petitioner raises in his Petition must be duly exhausted in the state courts, that is, the legal theory and factual predicate must be the same with respect to each of these grounds.  Therefore, if this Court is to exclude from the Petition, pursuant to Petitioner's request, all Petitioner's grounds unexhausted in the state courts, this Court would have to first compare Petitioner's instant claims

to Petitioner's corresponding claims (raised either on direct appeal or through the means of an application for post-conviction relief) and then omit from its habeas review all Petitioner's current claims where the legal theory and/or factual predicate are not the same.  For instance, the Court would have to exclude from its review all Petitioner's current claims that are fact-specific in the event Petitioner's corresponding state claims consisted of nothing but factless generalities.  Consequently, if one or more of Petitioner's instant grounds is deemed unexhausted under the aforesaid analysis, and the Court is to give full effect to Petitioner's request to omit from its habeas review all such claims, Petitioner would lose his opportunity to present these claims for habeas review, pursuant to § 2254's bar against second/successive petitions, even if he eventually exhausts them through his filings of additional post-conviction relief applications detailing the facts of his claims.[2]

11. This Court, therefore, having grave concern as to Petitioner's realization of the consequences of requesting this Court to review only with respect to those claims that should be deemed

---

[2]

Moreover, in the event the Court finds that Petitioner's claims were duly exhausted, the Court would be compelled to dismiss those claims in his Petition which are based on state, rather than federal law, since the scope of the Court's review is limited to determination of whether the state courts' decisions resulted in an unreasonable application of Supreme Court precedent.

duly exhausted, finds it appropriate to allow Petitioner the last opportunity to reflect on the consequences of his decision.

**IT IS, therefore, on this 5th day of September, 2008,**

**ORDERED** that Petitioner shall submit a supplement to his Petition within thirty days from the date of entry of this Order. In such supplement, Petitioner shall list ONLY the grounds that Petitioner wishes this Court to examine in his instant Petition; each of such allegations should detail Petitioner's legal theory and factual predicate. Petitioner should not list any grounds he did not raise during his direct appeal or in his application(s) for post-conviction relief; and it is further

**ORDERED** that Petitioner, in his supplement to the Petition, shall expressly verify his decision to have this Court rule only on those Petitioner's claims that were duly exhausted by Petitioner, either on direct appeal or by means of an application for post-conviction relief, _i.e._, those claims that were presented to the state courts through allegations materially identical, as to the legal theories and factual predicate, to the allegations made in the supplement to the Petition. In other words, Petitioner shall expressly verify his request to exclude from this Court's review all claims that the Court would deem unexhausted due to a material

difference in the legal theories and factual predicates employed;[3] and it is further

**ORDERED** that, in the event Petitioner fails to timely file such supplement to the Petition, Petitioner's request to have this Court rule only on his exhausted claims, Docket Entry No. 4, would be deemed withdrawn, and this Court's order of June 10, 2008, Docket Entry No. 2, would be deemed the final determination in this matter; and it is finally

**ORDERED** that the Clerk shall administratively terminate this action subject to reopening in the event Petitioner timely files his supplement to the Petition, and shall forward a copy of this Order to Petitioner by certified mail, return receipt requested.

s/ Faith S. Hochberg
**FAITH S. HOCHBERG**
**United States District Judge**

---

[3]
    To that effect, the Court notes that Petitioner cannot either "borrow" or "import" the legal theories or factual predicate alleged with respect to one claim for the purposes of "piecing together" another claim.  In other words, if Petitioner's state claim "A" employed legal theory "W" and factual predicate "X," while Petitioner's state claim "B" employed legal theory "Y" and factual predicate "Z," Petitioner's habeas claim based on legal theory "W" and factual predicate "Z," same as that based on legal theory "Y" and factual predicate "X," would be deemed unexhausted.