**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| BENJAMIN COX, | : | |
| | : | |
| Petitioner, | : | Civil Action No. 08-2655 (FSH) |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| MICHELLE RICCI, et al., | : | |
| | : | |
| Respondents. | : | |

**HOCHBERG**, District Judge

Petitioner Benjamin Cox ("Petitioner") filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a judgment of conviction in the Superior Court of New Jersey. Upon the Court's order directing limited answer as to exhaustion of Petitioner's claims, Respondents filed such answer which indicated that only two of Petitioner's four claims were duly exhausted. The Court provided Petitioner with Mason notice and informed Petitioner of consequences of filing a mixed Petition and of lack of need for stay and abeyance due to Petitioner's opportunity to exhaust his unexhausted claims without risking the statute of limitations bar. Following a rather voluminous exchange of communications between the Court and Petitioner, Petitioner elected to proceed with his first two claims that were duly exhausted in all three levels of the state court. For the reasons expressed below, the Court will dismiss the Petition, as now submitted, with prejudice and will decline to issue a certificate of appealability. See 28 U.S.C. §§ 2253(c), 2254(a), (b), (c).

## I.  BACKGROUND

The underlying events of Petitioner's conviction were defined by the Appellate Division as follows:

> In March 2003, defendant and co-defendant were convicted of eight counts of drug offenses arising out of transactions involving the use of an apartment.  These included first-degree possession of cocaine with intent to distribute, . . . third-degree possession of cocaine and heroin with the intent to distribute it within 1,000 feet of school property, . . . and first-degree operation of a drug manufacturing premises . . . .  The convictions arose from an early morning surveillance operation at 12th Avenue and Auburn Street in Paterson.  Co-defendant was observed soliciting drug sales.  When approached by a potential purchaser, she called defendant on her cell phone and, after exiting 21 Auburn Street, defendant made the sale.  Prior to a second sale, defendant was observed peeking out of the window of the second floor of the Auburn Street location.  Upon the arrest of both sellers, currency and keys to the Auburn Street apartment were found in defendant's possession.  The police then made a protective sweep of the apartment for other occupants and, upon observing drugs, locked the door and obtained a warrant.  A subsequent search disclosed that the apartment was being used for a drug-packaging operation, not as a residence.  Defendant testified he had no connection to the apartment and denied engaging in any drug transaction, even though clothing and other personal items of his were also found in the apartment.  Defendant was sentenced as a persistent offender . . . to a mandatory extended term . . . .

State v. Cox, 2008 WL 34786, at *1 (N.J. Super. Ct. App. Div. Jan. 2, 2008).

Petitioner's challenges at bar, however, do not appear closely intertwined or even altogether dependent on the circumstances of his conviction.  Rather, his surviving two grounds read as follows:

> GROUND ONE: Petitioner will submit that a trial court's assessment and personal knowledge concerning his trial attorney meeting with Petitioner three times to prepare and establish a defense, and proper investigations of the case in that the court knew the trial attorney for over 20 years and had no doubt that if Mr. R. was asked, he has a file outlining every single time he met with Petitioner Cox hence trial counsel performed admirably without the benefit of an evidentiary hearing is in conflict with state constitutional law and in violation of clearly established federal law requiring an evidentiary hearing.

2

GROUND TWO: The prosecutor's deliberately eliciting testimony from detective Cobb which violated the rule in <u>Bankston</u>, introducing hearsay evidence and depriving the defendant of his right to confront his accusers.

Docket Entry No. 26.[1]

## II.  STANDARD OF REVIEW

Section 2254(a) of Title 28 of the United States Code gives the court jurisdiction to entertain a habeas petition challenging a state conviction or sentence only where the inmate's custody violates federal law:

[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991); 28 U.S.C. § 2254(a); <u>accord</u> <u>Barry v. Bergen County Probation Dept.</u>, 128 F.3d

---

[1]  The Court notes, in passing, that the decisions entered by the Appellate Division do not reflect any <u>Bankston</u> discussion (or a discussion based on alleged introducing of oral hearsay evidence).  <u>See</u> <u>State v. Cox</u>, 2008 WL 1773188 (N.J. Super. Ct. App. Div. June 21, 2007) (not raising any <u>Bankston</u> issue or even a Confrontation Clause issue); <u>State v. Cox</u>, 2008 WL 34786, at *1 (N.J. Super. Ct. App. Div. Jan. 2, 2008) (not raising any <u>Bankston</u> issue but addressing issues of the Confrontation Clause in connection with Petitioner's challenges to effectiveness of his counsel and results of laboratory tests, to which Petitioner stipulated and which established that the suspected contraband was heroin, crack and cocaine).  However, the Court cannot exclude that Petitioner's <u>Bankston</u> argument was raised by Petitioner before all three levels of state court, <u>see</u> Docket Entry No. 17 (Respondents' answer conceding exhaustion of Petitioner's <u>Bankston</u> claim) and, therefore, deems that claim dismissed on merits by the state court, even though such dismissal was rendered without express examination.  <u>See</u> <u>Rompilla v. Horn</u>, 355 F.3d 233, 247 (3d Cir. 2004) (a state court may render an adjudication on the merits of a federal claim by rejecting the claim without any discussion whatsoever), <u>rev'd</u> <u>on</u> <u>other</u> <u>grounds</u>, <u>Rompilla v. Beard</u>, 545 U.S. 374 (2005).  Consequently, the Court will presume Petitioner's <u>Bankston</u> claim duly exhausted.

152, 159 (3d Cir. 1997).  "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension."  <u>Smith v. Phillips</u>, 455 U.S. 209, 221 (1982).  "If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable.  It is unnecessary in such a situation to inquire whether the prisoner preserved his claim before the state courts."  <u>Engle v. Isaac,</u> 456 U.S. 107, 120 n.19 (1982).  "[E]rrors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause."  <u>Johnson v. Rosemeyer</u>, 117 F.3d 104, 110 (3d Cir. 1997).  Moreover, "it is well established that a state court's misapplication of its own law does not generally raise a constitutional claim."  <u>Smith v. Horn</u>, 120 F.3d 400, 414 (3d Cir. 1997) (citation  omitted); <u>see also</u> <u>Smith v. Zimmerman</u>, 768 F.2d 69, 71, 73 (3d Cir. 1985).

A district court must give deference to determinations of state courts.  <u>Duncan v. Morton</u>, 256 F.3d 189, 196 (3d Cir.), cert. denied, 534 U.S. 919 (2001); <u>Dickerson v. Vaughn</u>, 90 F.3d 87, 90 (3d Cir. 1996).  Federal courts "must presume that the factual findings of both state trial and appellate courts are correct, a presumption that can only be overcome on the basis of clear and convincing evidence to the contrary."  <u>Stevens v. Delaware Correctional Center</u>, 295 F.3d 361, 368 (3d Cir. 2002).  Where a federal claim was "adjudicated on the merits" [2] in state court proceedings, § 2254 does not permit habeas relief unless adjudication of the claim

---

[2] "An 'adjudication on the merits' has a well settled meaning: a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground."  <u>Rompilla v. Horn</u>, 355 F.3d 233, 247 (3d Cir. 2004) (quoting <u>Sellan v. Kuhlman</u>, 261 F.3d 303, 311 (2d Cir. 2001)).  A state court may render an adjudication or decision on the merits of a federal claim by rejecting the claim without any discussion whatsoever.  <u>Rompilla</u>, 355 F.3d at 247.

> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision is "'contrary to' a Supreme Court holding if the state court 'contradicts the governing law set forth in [the Supreme Court's] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of th[e Supreme] Court and nevertheless arrives at a [different] result." Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

Under the "'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. Whether a state court's application of federal law is "unreasonable" must be judged objectively; an application may be incorrect, but still not unreasonable. Id. at 409-10.

A court begins the analysis by determining the relevant clearly established law. See Yarborough v. Alvarado, 541 U.S. 652, 660 (2004). Clearly established law "refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams, 529 U.S. at 412. A court must look for "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Lockyer v. Andrade, 538 U.S. 63, 71, 72 (2003).

# III.  DISCUSSION

## A.   Petitioner's Ground One

Addressing Petitioner's claims largely analogous to Petitioner's Ground One, the

Appellate Division observed as follows:

> On appeal, defendant contends trial counsel was ineffective in failing to: (1) properly investigate his case; (2) communicate with him and discuss any aspects of his testimony during trial . . . .  Defendant asserts the boiler-plate claim that his trial counsel failed to conduct a meaningful investigation into the defense of the charges, review videotapes or recordings, or conduct meaningful interviews of potential witnesses.  Defendant, however, never sets forth what such further investigation would have produced and how it could have affected the outcome of the case.  To establish a prima facie claim for ineffective assistance, "a petitioner must do more than make bald assertions that he was denied the effective assistance of counsel[;][h]e must allege facts sufficient to demonstrate counsel's alleged substandard performance."  State v. Cummings, 321 N.J. Super. 154, 170 ([N.J. Siper. Ct.] App. Div.), certif. denied, 162 N.J. 199 (1999); see also State v. Rountree, 388 N.J. Super. 190, 206 ([N.J. Siper. Ct.] App. Div.2006), certif. denied, 192 N.J. 66 (2007).  Nor did defendant set forth what witnesses trial counsel failed to interview and what information they would have provided, let alone submit an affidavit from the purported witnesses.  When a defendant claims his attorney inadequately investigated his case, "he must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." [Id.]  Defendant's claim of failure of communication by trial counsel is not supported by the record.  Defendant claims that trial counsel only met with him three times prior to trial, and this was insufficient to prepare for his defense.  The judge did not find such claim to be credible based on his knowledge of the attorney's long-standing practice of diligently visiting clients in jail in a multitude of cases before him and his degree of preparation in the present case.  Additionally, as the judge noted, the frequency of consultation prior to trial is not the sole factor in determining trial preparedness, rather, "the proper inquiry is whether as a result of that consultation, counsel was able properly to investigate the case and develop a reasonable defense."  State v. Savage, 120 N.J. 594, 617 (1990).

State v. Cox, 2008 WL 34786, at *2.

Here, the gist of Petitioner's Ground One appears somewhat different from the inquiry he posed before the state courts: Petitioner now asserts that a federal law *requires an evidentiary hearing* as to whether Petitioner's counsel could render effective defense in light of the amount of meetings counsel had with Petitioner. Therefore, being literally construed, Petitioner's Ground One is subject to dismissal as unexhausted.[3] Moreover, even if the Court were to overlook the exhaustion requirement,[4] Petitioner's claim (that he is mandatorily entitled, under certain "clearly established federal law," to an evidentiary hearing as to the ability of his counsel to prepare an effective defense on the basis of a certain amount of meetings with Petitioner) is without merit: the Court is not aware of any such provision or a Supreme Court holding on point, and the Petition does not enlighten the Court as to any such provision.

---

[3]  A petitioner must exhaust state remedies by presenting each of his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in post-conviction proceedings. See Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); see also O'Sullivan v. Boerckel, 526 U.S. 838 (1999)("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); 28 U.S.C. § 2254© ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented"). Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. See Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989). The petitioner generally bears the burden to prove all facts establishing exhaustion. See Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993). This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition. See Picard, 404 U.S. at 275. Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same. See id. at 277.

[4]  See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"); Lambert v. Blackwell, 134 F.3d 506, 515 (3d Cir. 1997) (district court may deny an unexhausted petition on the merits under § 2254(b)(2) "if it is perfectly clear that the applicant does not raise even a colorable federal claim").

However, the Court finds it warranted – in light of certain similarity between the Ground One presented for review in this matter and Petitioner's challenges presented to the state courts – to construe Petitioner's Ground One leniently as asserting the very claim that Petitioner duly exhausted, i.e., that the alleged three meetings with his counsel were facially insufficient for Petitioner's counsel to render effective assistance.

To that effect, this Court disagrees with the Appellate Division's implied conclusion that it was somehow proper for Petitioner's trial judge to draw from – or rely upon – the trial judge's personal knowledge of Petitioner's attorney (or on the trial judge's personal knowledge of Petitioner's attorney's attitude to professional practice) in order to assess whether the attorney was rendering effective assistance.  However, this finding notwithstanding, the Court finds the decision rendered by the state courts not an unreasonable application of Supreme Court precedent.  As noted supra, the Appellate Division observed that "the frequency of consultation prior to trial is not the sole factor in determining trial preparedness, rather, the proper inquiry is whether as a result of that consultation, counsel was able properly to investigate the case and develop a reasonable defense."   State v. Cox, 2008 WL 34786, at *2 (internal quotation mark and citation omitted).  This conclusion fully corresponds to the governing precedent established by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), and its projeny.

A claim that counsel's assistance was so defective as to require reversal of a conviction has two components, both of which must be satisfied.  Id. at 687.  First, the defendant must "show that counsel's *representation* [rather than the amount of the meetings counsel had with his client] fell below an objective standard of reasonableness."  Id. at 687-88 (emphasis supplied).  "A convicted defendant making a claim of ineffective assistance must identify the acts or

omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690.  Here, as the Appellate Division correctly observed, Petitioner does not identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment: all he asserts is a mechanical calculation of alleged meetings and then, self-servingly, declares the amount of such alleged meetings insufficient.

Moreover, the court performing habeas review must then determine whether, in light of all the circumstances at the time, the identified errors were so serious that they were outside the wide range of professionally competent assistance.  See id.

And – even if the first prong of Strickland is met – the defendant must show that "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695.  Here, Petitioner does not make any assertions indicating what errors of his counsel affected the finding of Petitioner's jury.  Having fail to meet the Strickland test, Petitioner is not entitled to habeas relief on his ineffective assistance of trial counsel claim since he has not shown that the adjudication of the claim by the New Jersey courts resulted in a decision that was contrary to, or involved an unreasonable application of, Strickland and its progeny.  Accord United States v. Olson, 846 F.2d 1103, 1108 (7th Cir. 1988) (expressly finding that, under the Strickland test, there is no established "minimum number of meetings between counsel and client prior to trial necessary to prepare an attorney to provide effective assistance of counsel").

9

B.    **Petitioner's Ground Two**

Petitioner's Ground Two fares even worth.  In his Ground Two, Petitioner asserts

challenges based on <u>State v. Bankston</u>, 63 N.J. 263, 307 A.2d 65 (1973).[5]

> The problem with Petitioner's Confrontation Clause claim is that this Court may
> not grant habeas relief unless the adjudication of Petitioner's claim was contrary to,
> or an unreasonable application of Supreme Court holdings, and the Supreme Court
> has not adopted the reasoning of the <u>Bankston</u> line of cases. Because the
> adjudication of Petitioner's  <u>Bankston</u> claim was not contrary to, or an
> unreasonable application of, Supreme Court precedent, Petitioner is not entitled to
> habeas relief on [his <u>Bankston</u> claim].

<u>Bennett v. Ricci</u>, 2007 U.S. Dist. LEXIS 61639, at *50-51 (D.N.J. Aug. 20, 2007) (addressing a

claim identical to that raised in Petitioner's Ground Two).[6]

Moreover, even if the Court were to construe Petitioner's <u>Bankston</u> claim as a "plain-

vanilla" Confrontation Clause claim unrelated on its reliance on <u>Bankston</u>, the so-construed

claim would be subject to dismissal under § 2254(b)(2) guidance that "[a]n application for a writ

of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to

exhaust the remedies available in the courts of the State."  <u>See</u> <u>also</u> <u>Lambert</u>, 134 F.3d at 515.

Under federal law, the Sixth Amendment's Confrontation Clause provides that, "[i]n all

criminal prosecutions, the accused shall enjoy the right … to be confronted with the witnesses

---

[5]  "<u>Bankston</u> . . . makes clear that both the Confrontation Clause and the hearsay rule are
violated when, at trial, a police officer conveys, directly or by inference, information from a
non-testifying declarant to incriminate the defendant in the crime charged."  <u>State v. Branch</u>, 182
N.J. 338, 348-353 (2005).

[6]  Moreover, even if this Court were to equate a reference to a Supreme Court precedent
in a state case to the state court's reliance of that Supreme Court precedent, and then read
Petitioner's reference to that state law as an implication of the aspect of the Supreme Court
precedent referred-to by the state court, <u>Bankston</u> would not aid Petitioner, since the <u>Bankston</u>
court made reference to a Supreme Court holding only with regard to the issue of harmless error.

against him."  The Supreme Court has traced the historical roots of the Confrontation Clause and

has distinguished the application of the Confrontation Clause to different types of hearsay

evidence in <u>Crawford v. Washington</u>, 541 U.S. 36 (2004).  Specifically, in <u>Crawford</u>, the

Supreme Court stated:

> Where nontestimonial hearsay is at issue, it is wholly consistent with the Framers'
> design to afford the States flexibility in their development of hearsay law -- as
> does <u>Ohio v. Roberts</u>, [448 U.S. 56, 66 (1980),] and as would an approach that
> exempted such statements from Confrontation Clause scrutiny altogether.  Where
> testimonial evidence is at issue, however, the Sixth Amendment demands what
> the common law required: unavailability and a prior opportunity for
> cross-examination.  We leave for another day any effort to spell out a
> comprehensive definition of "testimonial."  Whatever else the term covers, it
> applies at a minimum to prior testimony at a preliminary hearing, before a grand
> jury, or at a former trial; and to police interrogations.  These are the modern
> practices with closest kinship to the abuses at which the Confrontation Clause was
> directed.

<u>Id.</u> at 68 (footnote omitted);[7] <u>see also</u> <u>Davis v. Washington</u>, 547 U.S. 813 (2006) (statements

taken by police in the course of an interrogation are 'nontestimonial," and are not subject to the

Confrontation Clause, when they are made under circumstances objectively indicating that the

primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency;

statements taken by police in the course of interrogation are "testimonial," and subject to the

Confrontation Clause, when the circumstances objectively indicate that there is no ongoing

emergency and that the primary purpose of the interrogation is to establish or prove past events

potentially relevant to later criminal prosecution).

---

[7]  In <u>Ohio v. Roberts</u>, the Supreme Court held that the Confrontation Clause does not
preclude the admission of an unavailable witness's hearsay statement if it bears "adequate indicia
of reliability."  Under <u>Roberts</u>, a hearsay statement contains such "adequate indicia of reliability"
if it falls within a "firmly rooted hearsay exception" or if it bears "particularized guarantees of
trustworthiness." <u>Roberts</u>, 448 U.S. at 66.

Simply put, the Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted."  Crawford, 541 U.S. at 59 n.9 (citing Tennessee v. Street, 471 U.S. 409 (1985)).  Moreover, Confrontation Clause errors are subject to harmless error analysis.  See United States v. Reynolds, 171 Fed. App'x 961, 966 (3d Cir. 2006) (citing Delaware v. VanArsdall, 475 U.S. 673, 684 (1986); United States v. Al-Sadawi, 432 F.3d 419, 426 (2d Cir. 2005)); see also United States v. Arriola-Perez, 137 Fed. App'x 119, 133 (10th Cir. 2005).

Here, Petitioner's Ground Two allegations are void of any facts from which the Court can derive a conclusion that Petitioner's rights were violated within the meaning of Crawford: the entirety of Petitioner's allegations is dedicated to abstract discussion of Bankston, i.e., it sets forth Petitioner understands the holding of that case without making any statement as to Petitioner's factual predicate.  See Docket Entry No. 26, at 2-3.  Indeed, the Petition merely expresses Petitioner's disappointment that a reference to "something" was made.  However, such allegations neither indicate that this "something" was testimonial evidence, or that reference was not offset by Petitioner's counsel's line of questioning, or by judicial instructions, etc., or that such introduction resulted in an error that cannot be deemed harmless.  Being presented with nothing but Petitioner's claim that "something" was uttered during his trial and to his disappointment, the Court cannot find that the state court's application of Crawford to Petitioner's Confrontation Clause claims – if such claims were raised – unreasonable.[8]

_____

[8] Notably, in his original version of the Petition, see Docket Entry No. 1, Petitioner's Ground Two made Confrontation Clause references to a result of laboratory test establishing the nature of controlled substances obtained as a result of the search.  See this Opinion, note 1.  If Petitioner's obscure reference to "something" was intended to be a reference to that laboratory

(continued...)

## IV.  CERTIFICATE OF APPEALABILITY

The Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).  See Miller-El v. Cockrell, 537 U.S. 322 (2003).

## V.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition with prejudice and declines to issue a certificate of appealability under 28 U.S.C. § 2253(c).


s/ Faith S. Hochberg
**Faith S. Hochberg, U.S.D.J.**

Dated: October 29, 2010

---

[8](...continued)
test result, this Court finds the decision of the Appellate Division well in line with Crawford. See State v. Cox, 2008 WL 34786, at *3 ("Defendant waived his right to confrontation and stipulated that the suspected contraband was heroin, crack and cocaine, because his defense was that he was arrested as a passerby and had no connection with the apartment. Defendant did not contend the seized items were not drugs").  Indeed, here, Petitioner does not assert that his line of defense was different that that detected by the state courts, nor does he contest the fact that he stipulated to the nature of drugs seized.  At most, Petitioner's challenges to the laboratory report could be read as contesting the entirety of the search of the apartment conducted by policy.  However, such allegations do not raise a valid claim.  Accord United States v. Price, 458 F.3d 202 (3d Cir. 2006) ("Police officers are permitted under [United States v. Sallins, 993 F.2d 344 (3d Cir. 1993)] to explain the background context for their arrival at a scene.  When the explanation cannot be effected without relating some contents of the information received, Sallins does not prohibit admission of such details").

13